GOULD (UNITED STATES v.).  See Case No. 15,239.

GOULD (WASHBURN v.).  See Case No. 17,-214.

GOULD (WOODWARD v.).  See Case No. 18,004.

GOULD, The JAY.  See Case No. 7,245.

## Case No. 5,641.

### GOULDING v. FENWICK.

[2 Cranch, C. C. 350.] [1]

Circuit Court, District of Columbia.  Oct. Term, 1822.

JUSTICE OF PEACE—FIERI FACIAS — GARNISHMENT —SALE—JURISDICTION OF CIRCUIT COURT.

1. This court has no jurisdiction to quash a fieri facias, issued by order of a justice of the peace, from the office of the clerk of this court, under the 4th section of the act of congress, of the 3d of May, 1802 [2 Stat. 193], and the 15th section of the act of 24th June, 1812 [Id. 755], nor to render judgment of condemnation of the rights and credits returned upon such fieri facias as levied upon by the constable in the hands of a third person.

2. The law has provided no means to compel the garnishee to pay the money in his hands.

A fieri facias against the rights and credits only of the defendant was issued from the office of the clerk of this court, by order of the justice of the peace who rendered the judgment, and was returnable to the same office on the 1st Monday of October, 1822. This fieri facias was issued under the 4th section of the act of congress of the 3d of May, 1802 (2 Stat. 193), and the 15th section of the act of the 24th of June, 1812 (2 Stat. 755). By the 4th section of the act of 1802, it is enacted that no ca. sa. shall issue on any judgment in any case where the judgment, exclusive of costs, shall not exceed twenty dollars; "but that in such cases execution shall be only on the goods and chattels of the debtor, and shall issue, by order of the justice who may have taken cognizance of the action from the clerk's office, and shall be returnable thereto, and that all such executions be returnable on the first Monday of every month." By the 15th section of the act of 1812, it is enacted, "that upon a fieri facias issuing out of the office of the clerk of the county of Washington, upon the judgment of a magistrate, the plaintiff, upon such fieri facias, shall be entitled to have his execution against the goods and chattels, lands and tenements, rights and credits of the defendant." The constable returned on the execution, that he had "levied on the rights and credits of John Fenwick, in the hands of Matthew Wright, and served a notice of the same, in writing, on the said Wright, notifying him to retain the sum of $20.49, it being the amount of the debt, interest, and costs."

Mr. Key, for plaintiff, moved for a rule on the defendant and garnishee, to show cause

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

why the court should not render judgment of condemnation of the rights and credits of Fenwick, in the hands of Wright.

Mr. Marbury, at the same time, moved the court to quash the execution.

THE COURT (THRUSTON, Circuit Judge, absent) overruled both motions, being of opinion that this court has no jurisdiction in the cause; and that the law has provided no means of compelling the garnishee to pay the money.

THE COURT said that, perhaps, if the garnishee upon such notice, should voluntarily pay, he might plead such attachment and payment against his creditor, but upon this point they did not mean to give an opinion.